## 24751. DAVISON-PAXON COMPANY v. MUTUAL EMPIRE CLOTHING COMPANY.

STEPHENS, J. 1. A garnishee, in answering a summons of garnishment in a suit against his employee who works for daily, weekly, or monthly wages, where the employee is indebted to the garnishee, is not entitled to offset the debt of the employee against only that portion of the wages due by the garnishee to the employee which is not exempt but which is subject to process of garnishment; but the garnishee, if he offsets

the debt of the defendant against what the garnishee owes the defendant, must offset it without reference to whether any portion of the garnishee's indebtedness to the defendant is exempt from or subject to garnishment. If there is any balance due by the garnishee to the defendant after the garnishee has offset the debt of the defendant to him, the amount of such balance, less the exemptions applicable to the indebtedness as being for daily, weekly, or monthly wages, is subject to the garnishment.

2. On the trial of an issue formed upon a traverse to the garnishee's answer in which the garnishee answered that it owed nothing, where the evidence authorized a finding that the garnishee was indebted to the defendant $64 as daily, weekly, or monthly wages earned during the period of 32 days at the rate of $2 per day while in the employment of the garnishee, that the defendant was due the garnishee $17.72, that out of the $46.28 balance due by the garnishee to the defendant, after offsetting against the $64 due by the garnishee to the defendant the $17.72 due by the defendant to the garnishee, there was, over and above the amount of the exemption for daily, weekly, or monthly wages, due to the defendant $8.62 as exempt from garnishment, the judgment sustaining the traverse to the garnishee's answer and adjudging that the garnishee is indebted to the defendant $8.62 was authorized. Code of 1933, § 46-208.

3. The summons of garnishment having been issued on a suit pending, and not on a judgment which had been obtained against the defendant, and it not appearing that the garnishee had paid to the defendant anything over and above any sum due the defendant which was exempt from the process of garnishment by virtue of being earned by him as daily, weekly or monthly wages, it was immaterial whether the statement by the plaintiff in the account sued on that the sum sued for was a balance due on May 11, 1934, on merchandise, may have misled the garnishee into believing that the debt sued on arose after the passage of the act approved March 16, 1933 (Ga. L. 1933, p. 35), Code of 1933, § 46-101, when in fact the debt, as appeared from the evidence, arose before the date of the passage of that act (which provides that no garnishment shall issue against the daily, weekly, or monthly wages of any person residing in the State until after final judgment has been had against the defendant), where the debt sued on arose after the passage of the act.

4. The appellate division of the municipal court did not err in affirming the judgment of the trial judge sustaining the traverse to the garnishee's answer. *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 25, 1936.

*Alston, Alston, Foster & Moise, Henry J. Miller,* for plaintiff in error.

*Noah J. Stone, John L. Cone, John F. Echols,* contra.