### 24360. HARTSFIELD COMPANY v. ZAKAS BAKERY.

SUTTON, J. 1. One who sells bread, cakes, and pastries for a baking company, receiving as remuneration therefor ten per cent. of the cash purchase-price of all such products sold by him, the company furnishing daily an automobile truck to haul and deliver the bread and pies, with the necessary gasoline to operate the truck, and also the necessary products for such salesman to sell, it being the arrangement and agreement that at the end of each day he shall account to the company for the products sold that day, delivering to the company ninety per cent. of the cash sales, and all unsold bread, and retaining for himself ten per cent. thereof, does not earn any salary, wages, or other compensation for selling such bakery products as can be reached by or subjected to the process of garnishment served upon the baking company in proceedings against him. Civil Code (1910), §§ 5271, 5272; *Singer Sewing Machine Co.* v. *Southern Grocery Co.*, 2 *Ga. App.* 545 (3) (59 S. E. 473). In this case these commissions were not debts due by the garnishee to the defendant. The issue upon a traverse of a garnishee's answer is indebtedness of the garnishee to the defendant. If the defendant himself, suing the garnishee, could not get a judgment against the garnishee, the garnishing plaintiff can not get a judgment against the garnishee. Garnishment is purely a statutory proceeding and will not be extended so as to reach money or property of the defendant not made subject thereto by statute. *Few* v. *Pou*, 32 *Ga. App.* 625 (124 S. E. 372), and cit.

2. Such an arrangement between the baking company and a salesman selling its products does not, under the facts of this case, appear to be a fraudulent scheme solely for the evasion of the garnishment laws by an employer and an employee. *Singer Sewing Machine Co.* v. *Southern Grocery Co.*, supra. The act of 1901 (Ga. L. 1901, p. 55; Civil Code of 1910, § 5273) is not intended to restrain the right of parties to contract.

*Mutual Reserve Life Ins. Co. v. Fowler*, 2 *Ga. App.* 537 (4) (59 S. E. 469).

3. It follows that the action of the appellate division of the municipal court of Atlanta, affirming the judgment of the trial judge overruling a motion for new trial filed by the plaintiff in a proceeding in which it traversed the baking company's answer denying any indebtedness to the defendant, was not erroneous.

*Judgment affirmed, Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 17, 1934.

*Robert T. Efurd, Mose S. Hayes,* for plaintiff.