26452. JACOBS' PHARMACY COMPANY *v.* SOUTHERN BELL TELEPHONE COMPANY.

DECIDED OCTOBER 7, 1937. REHEARING DENIED NOVEMBER 5, 1937.

*Winfield P. Jones, W. S. Bateman,* for plaintiff in error.
*Benton E. Gaines,* contra.

FELTON, J. A garnishment lien becomes perfected upon the rendition of a valid judgment in favor of the garnishing creditor against the defendant (*Anderson* v. *Ashford,* 174 *Ga.* 660, 163 S. E. 741), subject, however, to any claim or right of offset in the garnishee, at the time of the service of the summons of garnishment, or subsequently thereto up to the time for the answer, provided the right in the garnishee was not a result of bad faith on its part. Where the defendant illegally and unlawfully took funds from the garnishee in the exact amount which had been deducted from his salary by the garnishee for the purpose of the payment of the debt, and quit his position and thereafter did not work for the garnishee, the garnishee had a right to set off the indebtedness arising from such unlawful taking against what it owed the defendant. The garnishment amendment of 1901 (Ga. L. 1901, p. 55; Code, § 46-203) had for its only purpose the prevention of fraud and collusion between the defendant and the garnishee. *Mutual Reserve Life Ins. Co.* v. *Fowler,* 2 *Ga. App.* 537 (4), 542 (59 S. E. 469); *Singer Sewing-Machine Co.* v. *Southern Grocery Co.,* 2 *Ga. App.* 545 (2) (59 S. E. 473). If the garnishee had in good faith acquired title to a note due by the defendant subsequently to the summons of garnishment, the garnishee could cer-

tainly have pleaded the fact. So could it with reference to any other obligation of the defendant to it, in the absence of bad faith on its part. This case was tried on an agreed statement of facts, and the question discussed is the only question for decision. Whether the garnishee should be estopped because of its negligence in putting the defendant in position where he could unlawfully take the money, or whether the garnishee should have been held liable for not deducting from the defendant's salary more than just enough to pay the plaintiff's claim, are questions which have not been raised in the case.

The municipal court of Atlanta erred in sustaining the traverse of the answer of the garnishee, setting forth that it was not indebted to the defendant; and the appellate division of that court erred in affirming that ruling. The judgment is accordingly

*Reversed. Stephens, P. J., and Sutton, J., concur.*