## 28691. OWNBY v. WAGER.

DECIDED FEBRUARY 6, 1941.

*W. F. Moore,* for plaintiff.

GARDNER, J. Vester M. Ownby obtained a judgment against F. H. Bray for the principal sum of $50, on September 5, 1939. On November 30, 1939, process of garnishment was instituted by Ownby, and summons of garnishment was served on H. D. Wager, trading as Wager Motor Company, on December 1, 1939. Wager

answered on January 29, 1940, to the effect that at the time of the service of the summons he had owed Bray nothing, and that since the time of service and until the answer no funds due Bray had come into his hands. On February 23, 1940, Ownby traversed the answer of the garnishee. On April 17, 1940, Wager offered an amendment to his answer, and set up that since the service of the garnishment Bray had worked for him from December 1, 1939, to December 30, 1939, at a weekly wage of $15, and that he had come into the possession of $60 belonging to Bray, and that Bray was indebted to Wager in the sum of $52, which Wager had deducted from the salary of Bray, leaving a balance of $8 from the $60, which balance the garnishee said was exempt from garnishment. This amendment was allowed by the judge over the objection of Ownby, who contended that it was inconsistent with the original answer and was illegal. The evidence for the garnishee sustained the allegations of his amendment to his original answer. Several other answers were filed in response to other summons of garnishment served subsequently to January 31, 1940. These last-mentioned answers are of no concern here; for the undisputed evidence showed that Bray ceased working for the garnishee on December 31, 1939, and the answers other than the first above mentioned were to the effect that the garnishee owed Bray nothing. The judge found against the traverse and in favor of the garnishee. The case was appealed to the appellate division of the civil court of Fulton County. This court affirmed the decision of the trial judge, and Ownby excepted.

Two questions are presented which will determine the issues; first, whether or not a garnishee, after having answered that he has no funds due the defendant in fi. fa., can subsequently amend his answer over objection duly made, and show that at the time the summons was served upon him he was indebted to the defendant in fi. fa.; and second, whether or not a garnishee can lawfully deduct from the daily, weekly, or monthly wages of an employee, earned after service of summons of garnishment, any portion of the balance above $1.25 per day plus 50 per cent. of the excess, and apply said balance, or any portion thereof, to the payment of a debt due the employer by the employee. The first question has been ruled adversely to the plaintiff in error. "An answer to a summons of garnishment, made at the proper term of court, is

amendable." *Simplex Machine Co.* v. *Greenberg & Bond Co.,* 22 *Ga. App.* 68 (95 S. E. 530) ; *Burrus* v. *Moore,* 63 *Ga.* 405; *Plant* v. *Mutual Life Insurance Co.,* 92 *Ga.* 636 (19 S. E. 719) ; *Dannenburg Co.* v. *Adler-May Co.,* 137 *Ga.* 111 (72 S. E. 906).

In answer to the second question, the employer can not, under the law, deduct from the daily, weekly, or monthly wages of an employee, earned after service of summons of garnishment, any portion of said balance above $1.25 per day plus 50 per cent. of the excess, and apply said balance or any portion thereof to the payment of a debt due by the employee to the employer or any other such creditor. There still seems to exist some confusion in the minds of some regarding this principle. The Code, § 46-203, provides: "Whenever a summons of garnishment shall be served on any person, and such person, after the date of such service, shall become indebted to the defendant, such subsequent indebtedness immediately upon its accruing shall become subject to the lien of such garnishment, and no payments made by the garnishee to the defendant or to his order after the date of the service of the garnishment shall defeat the lien of such garnishment. The service of a summons of garnishment shall in all cases operate as a lien on all the garnishee's indebtedness at the date of the service and also on all future indebtedness accruing up to the date of the answer, and such lien shall not be defeated by any payments by the garnishee or overdrafts by the defendant or other arrangements between the defendant and the garnishee. This section shall not operate to change or alter the laws exempting from the process and liabilities of garnishment the daily, weekly, or monthly wages of journeymen mechanics and day laborers." This section was intended to make plain that upon the service of a summons of garnishment a lien was created in favor of the plaintiff on all the indebtedness of the garnishee to the defendant in fi. fa., over and above the exemption at the time of the service of the summons, and upon all future indebtedness accruing up to the date of the answer, and that the lien should attach immediately upon the accruing of the indebtedness, and should from that time, the date of accruing, operate as a lien in favor of the plaintiff; "and no payments made by the garnishee to the defendant or to his order after the date of the service of the garnishment shall defeat the lien of such garnishment, . . and such lien shall not be defeated by any pay-

ments by the garnishee or overdrafts by the defendant or other arrangements between the defendant and the garnishee." The language could have been no more emphatic.

So, the statute provides, first, that the overage above the exemption of the indebtedness owing by the garnishee to the defendant in fi. fa. at the time of service of the summons is impressed with a lien in favor of the plaintiff; second, that a lien immediately attaches to future overages of indebtedness above exemptions, as they accrue from the date of service to the time for the answer as fixed by the process; and third, that this lien can not be defeated by any kind of payment by the garnishee to himself or to another, or by any other kind of arrangement.

Applying these statutory provisions to the facts of this case, it is clear and undisputed that the defendant in fi. fa. earned $60 from December 1, 1939, to December 30, 1939, at the weekly wage of $15; this exemption per week of $1.25 daily for 6 work days is $7.50; 50 per cent. of the excess is $3.75 per week, or a total exemption weekly of $11.75, leaving an overage balance of $3.75 weekly, or a total of $15.00 of the $60, to which the lien of the garnishment attached as it accrued. Therefore the garnishee could not escape liability to the garnisher by applying the same or any portion thereof to an overdraft to himself or any one else, or by making any kind of arrangement between himself and the defendant in fi. fa. or any other person.

The pleadings and facts in the instant case do not show a debt due the garnishee by the defendant in garnishment, arising from advances prior to the service of the summons of garnishment (*Odum* v. *Macon & Birmingham Railway Co.*, 118 *Ga.* 792, 45 S. E. 619); or otherwise arising prior to the service of the summons (*Mutual Reserve Life Insurance Co.* v. *Fowler*, 2 *Ga. App.* 537, 541, 59 S. E. 469; *First National Bank of Tifton* v. *Ramsey-Wheeler Co.*, 17 *Ga. App.* 442, 87 S. E. 679); or, whether due before or after the service of the summons, yet arising under a pre-existing contract (*Mutual Reserve Insurance Co.* v. *Fowler*, supra), or arising under a mutual, bona fide, current contract (*Hartsfield Co.* v. *Zakas Bakery*, 50 *Ga. App.* 284, 177 S. E. 825; *Jacobs' Pharmacy Co.* v. *Southern Bell Telephone Co.*, 56 *Ga. App.* 661, 193 S. E. 487); or under other circumstances which under the law would allow the deductions. The court erred in finding in favor of the garnishee. *Judgment reversed. Broyles, C. J., concurs.*

MacIntyre, J., concurring specially. The act of 1901 (Ga. L. 1901, p. 551; Code, § 46-203) was passed to avoid advance payments after the service of garnishment, where no indebtedness, as hereinafter described, existed. I think the word indebtedness as here used implies an absolute or complete liability, and that if the garnishee has assets in his hands he is entitled to set off any indebtedness owed by the defendant in garnishment, and all such indebtedness. "As to whether such garnishee is or is not indebted to the defendant, or whether such garnishee has assets of such defendant in its hands, should be ascertained by a comparison of their respective claims or accounts, and the judgment should be in accordance therewith." *Mutual Reserve Life Insurance Co.* v. *Fowler, 2 Ga. App.* 537 (supra). "The true rule is that a garnishee, if the debtor be indebted to him, has a lien on funds coming into his hands, or future indebtedness to the debtor on his part, superior to that of the plaintiff in garnishment. He is entitled to pay himself before he is required to collect for the benefit of others; and this applies to any *past* indebtedness due him by the defendant." *Mutual Reserve Life Insurance Co.* v. *Fowler,* supra. The act of 1901 (Code, § 46-203), above referred to, was passed, it seems, to make subject to the lien of garnishment all indebtedness of the garnishee accruing after the date of the service of the garnishment. This act was passed to "alter the rule which had been laid down by the Supreme Court in several cases, to the effect that, even after a summons of garnishment had been served, no lien would attach upon an advance payment for services to be performed in the future." *Odum* v. *Macon Railroad Co.,* supra. The garnishment law is only intended to reach something actually due to the defendant and which he could himself recover; it does not intend to violate existing contracts, or restrain the right to contract. Under the facts of this case, the holding here is in accordance with the garnishment law of Georgia as amended by the act of 1901 (Code, § 46-203). Therefore I concur in the judgment holding that the court below erred in finding in favor of the garnishee.