30371. ADAIR-LEVERT INC. *v.* ATLANTA ENVELOPE CO.

SUTTON, P. J. 1. The issue formed on a traverse to an answer of a garnishee is whether or not the garnishee was indebted to or had assets of the defendant between the time of the service of the summons of garnishment and the time of the answer by the garnishee. *Aiken* v. *Smith,* 68 *Ga. App.* 538, 542 (23 S. E. 2d, 584). The position of a garnishing plaintiff with respect to the garnishee is no better than the position of the defendant employee; and if the defendant could not sue and obtain a judgment against the garnishee, then the garnishing plaintiff is not entitled to recover against the garnishee on a summons of garnishment. *Singer Sewing Machine Co.* v. *Southern Grocery Co.,* 2 *Ga. App.* 545 (59 S. E. 473). While the evidence in the present case was that the garnishee, after the service of the summons of garnishment and before the time of making its answer, paid to the defendant a sum greater than the claim of the garnishing plaintiff against the defendant, this did not authorize a judgment in favor of the garnishing plaintiff against the the garnishee, as it appeared that the total credits owed by the garnishee to the defendant between the time of the service of the summons of garnishment and the time of its answer were less than the debt owed by the defendant to the garnishee. *Aiken* v. *Smith,* supra; *Smith* v. *Dysard Construction Co.,* 15 *Ga. App.* 192 (82 S. E. 761); *Davison-Paxon Co.* v. *Mutual Empire Clothing Co.,* 52 *Ga. App.* 686 (184 S. E. 409).

2. The fact that the defendant executed notes evidencing his indebtedness to the garnishee and continued to work for the garnishee does not show a scheme or device to defraud the garnishing creditor, where the evidence showed that the indebtedness of the defendant to the garnishee was incurred before the service of the summons of garnishment. Under the evidence, the garnishee never became indebted to the defendant employee for any amount over and above the amount owing by the defendant debtor to the garnishee at or from the time of the service of the summons of garnishment until the filing of the answer by the garnishee. Consequently, the judgment rendered by the judge of the civil court of Fulton County in favor of the garnishing plaintiff against the garnishee

686

was unauthorized, and the appellate division of the civil court of Fulton County did not err in reversing the judgment, and in rendering a final judgment in favor of the garnishee against the garnishing plaintiff.

*Judgment affirmed. Felton and Parker, JJ., concur.*

DECIDED FEBRUARY 22, 1944.

*Mose S. Hayes, Robert S. Dennis, Melvin B. Hughie,* for plaintiff. *William F. Buchanan, Mary J. Payne,* for defendant.