## 35598. W. C. CAYE & CO., INC. *v.* MILLEDGEVILLE BANKING COMPANY.

Decided March 17, 1955.

*Erwin Sibley*, for plaintiff in error.

*Frank W. Bell*, contra.

Townsend, J. ■ "A bank has the right to set off against the amount of a general deposit belonging to a customer a matured claim due by the customer to it." *Bank of Lawrenceville* v. *Rockmore*, 129 *Ga.* 582, 587 (59 S. E. 281). "A garnishee, if the

debtor be indebted to him, has a lien on funds coming into his hands, or future indebtedness to the debtor on his part, superior to that of the plaintiff in garnishment. He is entitled to pay himself before he is required to collect for the benefit of others; and this applies to any past indebtedness due him by the defendant." *Mutual Reserve Life Ins. Co.* v. *Fowler,* 2 *Ga. App.* 537 (2) (59 S. E. 469). In this latter case it was held that, by reason of a contract between the defendant and the garnishee, the right was specifically given the garnishee by contract to set off indebtedness of the defendant to it against its indebtedness to the defendant. The law, however, gives to a bank the same right of setoff as existed in the *Fowler* case by reason of the contract, and "the position of a garnishing plaintiff with respect to the garnishee is no better than the position of the defendant employee; and if the defendant could not sue and obtain a judgment against the garnishee, then the garnishing plaintiff is not entitled to recover against the garnishee on a summons of garnishment." *Adair-Levert, Inc.* v. *Atlanta Envelope Co.,* 70 *Ga. App.* 685 (1) (29 S. E. 2d 323). The same is true, of course, whether the defendant is an employee of the garnishee or bears some other relation to him, provided the right of setoff exists, and that, after such setoff, the garnishee is not indebted to the defendant in any amount. See, in this connection, *Singer Sewing Machine Co.* v. *Southern Grocery Co.,* 2 *Ga. App.* 545 (59 S. E. 473) ; *First Nat. Bank of Tifton* v. *Ramsey-Wheeler Co.,* 17 *Ga. App.* 442 (87 S. E. 679) ; *Aiken* v. *Smith,* 68 *Ga. App.* 538, 542 (23 S. E. 2d 584) ; *Holmes* v. *Pope & Fleming,* 1 *Ga. App.* 338 (1) (58 S. E. 281). Accordingly, the right of setoff existed in the bank prior to the time it filed its answer in this case, and, having exercised this right, it is conclusive that it was not indebted to the defendant in any amount.

■ Counsel for the plaintiff in error has made a motion to overrule all the cases cited in the first division of this opinion, on the ground that the statutory lien of garnishment attaches at the time of service of the summons and should therefore take precedence over a right of setoff by the garnishee against the defendant. Two of those cases were considered in a third, *First Nat. Bank of Tifton* v. *Ramsey-Wheeler Co.,* supra, and the ruling was expressly adhered to. We consider the rule a sound

one, and refuse the request to overrule those cases. Although possession, coupled with a right of setoff, does not create a lien for which express statutory provision has been made, the term "lien" in a technical sense signifies a right by which a person in possession of personal property holds and detains it against the owner in satisfaction of a demand. In re Maher, 169 Fed. 997 (5th Cir.). At common law a lien by implication arose to retain possession of the goods of another, by one whose duty it was at law to serve the public in its trade or occupation, and regardless of the fact that the property retained was not the subject matter of the debt between the owner and the lienor. "A general lien is the right to retain particular chattels as a security not merely for the sum due in respect of those chattels, but for the entire amount owing on a general balance of account in respect of business done." Possession is indispensable to the right to assert a common-law lien. 33 Am. Jur., Liens, §§ 5, 16, 17. The right of the garnishee to retain that which the defendant owes him to the extent of his indebtedness to the defendant, in a contest between the garnishee and a garnishing creditor, is analogous to the right granted to those at common law—such as innkeepers, carriers, banking establishments, and so on—whose duty it was to serve the public, to retain the property of a debtor in their possession until the debt was paid. This the bank might do, by its right of setoff, in a contest between itself and the debtor, and this it may do, under the authority of the above-cited cases, as between itself and the garnishing creditor, the creditor standing in the same position as the debtor in the contest with the garnishee.

■ Nor was the bank estopped to set up that it had so applied the fund of the debtor in its possession at a time subsequent to the service of the garnishment summons, but prior to the time of the filing of its answer. In *Adair-Levert, Inc.* v. *Atlanta Envelope Co.*, supra, the debtor owed the garnishee sums for money paid out in his behalf prior to the garnishment proceedings, and subsequently to the service of the writ; but before making answer, the garnishee obtained from the debtor notes evidencing this indebtedness, and thereupon applied the sums which it owed the debtor, less than the amount of the debt, to the debtor's credit on such notes. It was there held that a judgment

against the garnishee and in favor of the creditor was unauthorized. In the present case, the debtor, Hall, owed the garnishee both principal and interest on the past-due notes, and the bank garnishee properly credited the account, first to interest, and the balance to principal, as of the date when the entries were made, which was a date prior to that on which the garnishee filed its answer in the case.

Counsel for the plaintiff in the garnishment proceedings contends that his garnishment lien was not defeated by the debt owing to the bank by the judgment debtor, because the bank waited from February 4, the date of the service of the garnishment, until March 10, which was 37 days before the filing of the answer by the garnishee, to apply the deposit fund against the notes, and that this constituted "other arrangements between the defendant and the garnishee" within the purview of Code § 46-203. This Code section provides in part that "the service of a summons of garnishment shall in all cases operate as a lien on all the garnishee's indebtedness at the date of the service and also on all future indebtedness accruing up to the date of the answer, and such lien shall not be defeated by any payments by the garnishee or overdrafts by the defendant or *other arrangements between the defendant and the garnishee.*" (Emphasis added.) The other arrangements referred to mean arrangements constituting "fraud and collusion between the defendant and the garnishee." *Jacobs Pharmacy Co.* v. *Southern Bell Telephone Co.,* 56 *Ga. App.* 661 (193 S. E. 487). Its purpose was to "alter the rule which had been laid down by the Supreme Court in several cases to the effect that, even after a summons of garnishment had been served, no lien would attach upon an advance payment for services to be performed in the future" and "to make subject to the lien of garnishment all indebtedness of the garnishee *accruing after* the date of the service of garnishment." *Ownby* v. *Wager,* 64 *Ga. App.* 433, 437 (13 S. E. 2d 686), special concurrence of MacIntyre, J. (Emphasis added.) The lien which the garnishee here had upon the funds in the defendant Hall's deposit account did not arise by reason of Hall's consent, but by reason of the bank's possession of the fund, and accordingly the application of this fund to reduce the defendant's indebtedness to the garnishee did not constitute "other arrangements" so as to defeat

the prior lien of the bank, but, on the other hand, amounted only to an enforcement thereof. Although interest was charged and collected by the bank on a debt owing by the defendant to it from the date of the service of garnishment to March 10, a period of 34 days—if this constituted "other arrangements" in contemplation of Code § 46-203, it is nothing about which the plaintiff can complain, since the principal debt at the time of the service of garnishment exceeded by far the amount of the judgment. It follows, therefore, that in any event, there would have been nothing left for the plaintiff.

The cases cited by counsel for the plaintiff in support of his position have been carefully examined by this court and found not to apply to the facts of this case.

The trial court did not err in entering judgment in favor of the garnishee.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*