## 35642. Levin *v.* First National Bank of Atlanta.

Townsend, J. 1. A garnishee to whom the defendant in the main case (an attachment proceeding) owes money on a past-due obligation has a lien on the funds of such defendant in the garnishee's possession at the time of the service of the summons of garnishment, which is superior to the lien of the attaching creditor in the garnishment proceeding. *W. C. Caye & Co.* v. *Milledgeville Banking Co.,* 91 *Ga. App.* 664, 86 S. E. 2d 717.

2. That the garnishee, a bank, to which the attachment debtor owed a sum of money secured by past-due notes and also by a bill of sale to secure debt to an automobile reserving title in the lender, had after the service of the summons of garnishment filed a foreclosure proceeding against the property secured, which had not been served because neither the debtor nor the property could be found within the State, did not by so doing elect an inconsistent remedy, so as to preclude it from claiming its lien upon the debtor's checking account which was in its possession and constituted an indebtedness by it to the debtor. A plaintiff is under no legal obligation to proceed first against the security, but may elect to proceed with his remedies under the bill of sale to secure debt, or to sue the debtor on the note, or he may do either. He may also pursue both remedies concurrently until the debt is satisfied. *Equitable Life Assurance Society* v. *Pattillo,* 37 *Ga. App.* 398, 400 (140 S. E. 403); *Oliver* v. *Slack,* 192 *Ga.* 7 (2) (14 S. E. 2d 593); *Clark* v. *Harvard,* 122 *Ga.* 273 (50 S. E. 108); Code § 3-114. Accordingly, the unsuccessful attempt to foreclose against the property did not estop the garnishee from claiming its lien on the property of the debtor in its possession, a fund in a checking account; and this is all the more true where the notes of the debtor to the bank contain a provision to the effect that any deposit account of the debtor might at any time be charged off against the maker's indebtedness to the bank.

3. The evidence on the trial of the traverse to the answer of the garnishee did not demand a finding that the bank, by accepting late and partial payments in the past, had waived its right to insist upon the fact that the indebtedness of the attachment debtor to it was past due and unpaid. This is particularly true in view of the provision in the note to the effect that, "should said payee or assigns deem itself insecure, the entire indebtedness hereby secured shall, at the option of said payee or assigns, become immediately due and payable," and in view of the evidence to the effect that the debtor had left the State, taking the automobile with him. Further, a garnishee may set off an indebtedness against a nonresident debtor, whether due or not. *Holmes* v. *Pope & Fleming,* 1 *Ga. App.* 338 (4) (58 S. E. 281); *Mutual Reserve Life Ins. Co.* v. *Fowler,* 2 *Ga. App.* 537 (59 S. E. 469); *Ownby* v. *Wager,* 64 *Ga. App.* 433, 436 (13 S. E. 2d 686).

4. "Garnishment proceedings in this State, being statutory, are not controlled by equitable rules in the distribution of the fund such as obtain in direct equity proceedings or in money rules, where equitable principles have been held applicable. . . Especially is it true that equitable rules cannot be applied to garnishments tried in city courts

874

or other courts with only common-law jurisdiction." *Few* v. *Pou*, 32 *Ga. App.* 620, 624 (124 S. E. 372). Accordingly, the judgment here, finding against the traverse to the garnishment, is not contrary to law on the ground that the garnishee should have been forced to look solely to the automobile as a source of payment of its indebtedness, and release its lien on the deposit account of the debtor in its possession in favor of the unsecured plaintiff in attachment, which had a junior lien by virtue of the garnishment. This is particularly true where the property had been removed from the State and perhaps made inaccessible to the garnishee.

The trial court did not err in its judgment in favor of the garnishee.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED APRIL 18, 1955.

*Noah J. Stone, Saul Blau,* for plaintiff in error.
*Moise, Post & Gardner, Bates Block,* contra.