39118. OXFORD, Commissioner v. METTER LUMBER COMPANY, INC.

DECIDED NOVEMBER 3, 1961.

*Otis L. Hathcock,* for plaintiff in error.

*Lanier & Lanier, Dan L. Lanier,* contra.

HALL, Judge. The issue upon the traverse of the garnishee's answer was whether there was any indebtedness of the garnishee to the defendant, and the burden was on the plaintiff to sustain the traverse by a preponderance of the evidence. *Estridge v. Janko,* 96 Ga. App. 246, 255 (99 SE2d 682).

The position of a garnishing plaintiff with respect to the garnishee is no better than the position of the defendant; and if the defendant could not sue and obtain a judgment against the garnishee, then the garnishing plaintiff is not entitled to recover against the garnishee on a summons of garnishment. *Adair-Levert, Inc. v. Atlanta Envelope Co.,* 70 Ga. App. 685 (29 SE2d 323); *Hartsfield Co. v. Zakas Bakery,* 50 Ga. App. 284 (177 SE 825); *Singer Sewing Machine Co. v. Southern Grocery Co.,* 2 Ga. App. 545 (59 SE 473). Under the evidence in this case, the garnishee never became indebted to the defendant for any amount over and above the amount owed by the defendant debtor to the garnishee at or from the time of the service of the summons of garnishment until the filing of the answer by the garnishee. This being true, there was no indebtedness subject to garnishment.

The plaintiff contends that the arrangement under which $10,019.84 was paid to the defendant debtor by the garnishee during the period from the time of the service of the summons of garnishment until the filing of the answer by the garnishee is subject to the lien of the garnishment proceeding for the reason that it was entered into after service of the summons. The evidence does not show this fact. *Code* § 46-203 provides: "Whenever a summons of garnishment shall be served on any person, and such person, after the date of such service, shall be-

come indebted to the defendant, such subsequent indebtedness immediately upon its accruing shall become subject to the lien of such garnishment, and no payments made by the garnishee to the defendant or to his order after the date of the service of the garnishment shall defeat the lien of such garnishment. The service of a summons of garnishment shall in all cases operate as a lien on all the garnishee's indebtedness at the date of the service and also on all future indebtednsss accruing up to the date of the answer, and such lien shall not be defeated by any payments by the garnishee or overdrafts by the defendant or *other arrangements* between the defendant and the garnishee. . . ." (Emphasis supplied). The other arrangements referred to are arrangements constituting "fraud and collusion between the defendant and the garnishee." *Jacobs Pharmacy Co. v. Southern Bell Telephone Co.*, 56 Ga. App. 661 (193 SE 487); *W. C. Caye & Co. v. Milledgeville Banking Co.*, 91 Ga. App. 664, 668 (86 SE2d 717). While *Code* § 46-203 is to prevent evasions and subterfuges, it does not restrain the right of the parties to contract. *Gainesville Feed & Poultry Co. v. Waters*, 87 Ga. App. 354, 359 (73 SE2d 771); *Ownby v. Wager*, 64 Ga. App. 433, 436 (13 SE2d 686); *Hartsfield Co. v. Zakas Bakery*, 50 Ga. App. 284 (177 SE 825). The garnishment lien is subject ". . . to any claim or right of offset in the garnishee, at the time of the service of the summons of garnishment, or subsequently thereto up to the time for the answer, provided the right in the garnishee was not a result of bad faith on its part." *Jacobs Pharmacy Co. v. Southern Bell Telephone Co.*, supra; 38 C.J.S. 442, § 203g.

Since the evidence demanded a finding that the arrangement between the garnishee and the defendant debtor was not a fraudulent scheme solely for the evasion of the garnishment laws of this State, the trial court did not err in directing a verdict for the garnishee or in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*