48170, 48171. CITIZENS & SOUTHERN NATIONAL BANK v.
AVCO FINANCIAL SERVICES, INC.; and vice versa.

CLARK, Judge. The principal problem presented for solution in this appeal is the status of a licensed real estate broker's bank escrow account created to conform with valid requirements of the State Real Estate Commission. Supplemental questions for determination are: (1) What degree of specificity is required of a garnishee in answering a garnishment summons? (2) Who has the burden of proof upon a traverse of the garnishment answer? (3) What are the issues for determination upon the trial of such traverse? (4) Is a bank answering a garnishment summons required to make inquiry as to who might be the true owners of the funds in a deposit designated as "escrow account"?

After AVCO Financial Services, Inc. had obtained judgment against Mack London Realty & Mortgage Co., Inc. it issued a summons of garnishment upon The Citizens & Southern National Bank. Using an all-purpose form apparently devised for use in the Civil Court of Fulton County whereby garnishees need only insert figures and words in blanks with a verification, the Bank through its counsel answered it was not indebted to defendant at date of service and had not since become indebted and that it had no property or effects of defendant at time of service or since then. Plaintiff filed its traverse to said answer declaring in the usual verbiage "that each and every statement of said garnishee is untrue." This was accompanied by a comprehensive notice to produce bank records concerning dealings with defendant. At the trial of this traverse there was shown that the defendant real estate firm had opened and maintained two accounts. One was in the name of the corporation alone while the other carries the words "Escrow Account" after the corporation's name. Two separate corporate resolutions and two contracts carrying the prefix "deposit agreement" were supplied on bank forms. This latter contained protective provisions for the bank as well as the right to deduct service charges and to contractual set-off.

That designated as "Escrow Account" was established to conform with the requirements of the Georgia Real Estate Commission known as Rule 520-3-.04, the Commission acting under legislative authorization contained in Chapter 84-14 of our Annotated Code titled "Real Estate Brokers and Salesmen." This rule requires all monies delivered in connection with their

occupation to a real estate broker or salesman are to be placed in this special account "for the purpose of being held by such real estate broker until the happening of a contingency or the performing of a condition and, upon such happening or performance, to be delivered to the seller, promisee or obligee . . ." The rule states that no broker's license is to be issued or renewed "unless the application therefor shall be accompanied by the signed and sworn statement of the applicant showing the name of the institution where such escrow account is held, the number of such account and an authorization to the Commission or its investigators to examine such account. . ." Additionally this regulation requires each broker to maintain at his place of business a journal subject to examination which is to show: "(a) The name of the buyer, depositor, promisor or obligor; (b) the name of the seller, promisee or obligee; (c) the amount of the money placed on deposit or in escrow by such buyer, depositor or obligor, and the date of such deposit; (d) the date such deposit or escrow funds are released to the seller, obligee or promisee or returned to the buyer, depositor, obligor or promisor." The transcript contains a certificate from the Georgia Real Estate Commission that this numbered account complied with this specific rule.

Mack London testified as to his compliance with this Real Estate Commission requirement and that he handled this particular bank account, including deposits made therein between service of summons and date of answer, in conformity with this rule. No evidence was introduced to indicate that any of defendant's own funds were on deposit at the date of trial. Nor does the transcript identify by name the outside parties to whom these funds belonged. Neither plaintiff nor garnishee required production of the broker's Journal required under Rule 520-3-.04 which should have contained this information.

The bank's records disclosed that at all pertinent times the corporation account was overdrawn, whereas the "Escrow Account" had $331.59 therein at the time of service plus $700 deposited thereafter. The trial judge handling the case without a jury rendered judgment for plaintiff and against garnishee Bank for this total of $1,031.59. In his conclusions of law supplied in conformance with Code Ann. § 81A-152, the trial judge stated the legal basis for this judgment to be (1) the right to control the account by the depositor-defendant, (2) the presumption of ownership by such control not being rebutted by claims filed by

the true owners, (3) the designation of "escrow account" did not disclose the names of the persons whose funds were in that account, and (4) failure by garnishee to disclose in its answer any details concerning the existence of two accounts, the court regarding this as being a failure to meet the codal requirements as to answering garnishments.

The bank has appealed this ruling. The plaintiff has filed a cross appeal on the basis that the judgment entered in its favor should have included an award of interest. *Held:*

1. Code § 46-301 prescribes the requirements of the garnishee's answer. It provides that the answer shall state "in what amount he was indebted to the defendant at the date of the service of the summons of garnishment and also in what sum he may have become indebted at any time between such date and the time of the answer thereto, or what property, money or effects belonging to defendant he had in his hands at the time of the service of the summons, or what property, money or effects belonging to the defendant have come into his hands between the time of the service of the summons and the making of his answer . . . If the garnishee shall be unable to answer as herein provided, his inability shall appear in his answer, together with all the facts plainly, fully, and distinctly set forth, so as to enable the court to give judgment thereon." The able trial judge expressed the view it was incumbent upon the bank here to disclose all of the facts which developed during the trial of the traverse, emphasizing that the court rather than the garnishee should decide if a real estate broker's "escrow account" was subject to garnishment for defendant's debt. We do not accept such thesis which would foreclose garnishee's right to make its own determination as to the status of assets. Such determination is at the garnishee's risk of the court rendering a judgment against it if the bank's decision proves erroneous.

2. When a traverse is filed, the burden of proof is upon the party filing the traverse. *Rainey v. Eatonton Co-op. Creamery,* 69 Ga. App. 547 (4) (26 SE2d 297); *Oxford v. Metter Lumber Co.,* 104 Ga. App. 758 (123 SE2d 156).

3. Upon a traverse of a garnishment answer the statutory test is stated in Code § 46-201 to be whether garnishee is indebted to defendant or had assets belonging to defendant between the time of service of the summons and the answer. "The issue formed on a traverse to an answer of a garnishee is whether or not the garnishee was indebted to or had assets of the defendant between

the time of the service of the summons of garnishment and the time of the answer by the garnishee." *Adair-Levert, Inc. v. Atlanta Envelope Co.,* 70 Ga. App. 685 (1) (29 SE2d 323).

4. At the trial of the traverse a plaintiff can recover from the garnishee only what defendant would be entitled to as against the garnishee. As we said in *Summer v. Allison,* 127 Ga. App. 217, 225 (193 SE2d 177): "The rights of a garnishing creditor rise no higher than those of the defendant in fi. fa. What one cannot recover himself cannot be recovered by garnishment against him. *Bates & Co. v. Forsyth,* 69 Ga. 365. A garnishing plaintiff's position is no better than that of the debtor."

Our court in *Estridge v. Janko,* 96 Ga. App. 246, 253 (99 SE2d 682) explained the intent of the concluding sentence of Code § 46-301 as being to apply to those instances where "for certain reasons, such as pending equities" between garnishee and defendant there may be some question as to eventual liability. This is a statutory alternative given the garnishee who is in doubt as to liability to have the court resolve such doubt by presenting every element involved in the matter so that the court can make the determination and the garnishee avoid liability.

It is true that "a garnishee is not vested with any discretion to be exercised by him in making an answer, and is required to answer in the terms of the summons and as to the defendant or defendants named therein." *Citizens Nat. Bank v. Dasher,* 16 Ga. App. 33 (1) (84 SE 482). This means exactly what it says: the garnishee cannot refuse to answer and that such answer must be directed to the matter contained in the summons. The form of summons duplicated the language of Code Ann. § 46-105. But when, as in the case sub judice, the garnishee's answer is filed and is "in the terms of the summons" and states there is nothing in the garnishee's possession subject thereto, such answer satisfied our statutory requirements. This brevity is in conformity with the trend of modern pleading. This answer does not prevent the plaintiff from obtaining further information if dissatisfied with the contents of such answer as there is then available the remedy of traverse as provided in Code § 46-303 plus all discovery procedures with the right to a trial for determination by the court.

5. In considering the nature of the "escrow account" involved here, we must recognize that it is *sui generis.* It is created to conform with the Georgia Real Estate Commission's rules and is designed to protect the public in dealing with licensed real estate dealers.

It is a sine qua non for obtaining and retaining a real estate broker's license. The rule limits the kind of funds to be deposited as well as defining the manner in which withdrawals are to be handled. Not only does the commission require an annual report at time of license renewal but the commission is given examination authority. It differs completely from the ordinary escrow. Most important in differentiating this registered "escrow account" from the ordinary fiduciary or agent situation is the necessity of maintenance by the depositor-broker of a separate journal. This register must contain information as to names of the involved parties, amounts, dates of deposits, and dates of release or return to the proper parties. This journal is subject to examination along with the bank account. Such regulation and right of inspection are supplemented by available enforcement sanctions such as revocation, suspension or non-renewal of license for misuse of the account (Code Ann. §§ 84-1404, 84-1410, 84-1411, 84-1417 (f) (k) and 84-1418; Rule 520-3-.04 of the Georgia Real Estate Commission) and injunctive (Code Ann. § 84-1424) and criminal (Code § 84-9921) sanctions.

Because of the special nature of Georgia's real estate broker's "escrow account" the cases from other jurisdictions dealing with ordinary escrows cited in appellee's excellent brief are not applicable. Nor is a different ruling required by *Spivey v. Methodist Home &c.,* 226 Ga. 100 (172 SE2d 673). There our Supreme Court correctly states the general rules as to bank deposits which may be summarized as follows: (1) Where the account is "X, Agent" or "X, Attorney" or "X, Trustee" or "X, Escrow Agent" without naming any other party, presumptively X is the owner and such deposit is subject to garnishment for X's debts; (2) such presumption may be rebutted by the true owner of the funds; (3) if the deposit reads "X, Agent for Y," then the court says at page 101 that "[T]his at least prima facie creates a tentative trust for the named beneficiary . . ."

The fact that the bank's "deposit agreement" entitled the bank to deduct its regular service charge has no impact upon the nature of the account. Nor does the fact that this agreement gave the bank a contractual right of set-off change the situation because such set-off privilege could not be enforced as against the true owners of such funds. Just as the defendant's creditors could not reach assets not belonging to defendant, similarly the bank had no legal right despite the contractual agreement to use any "escrow account" funds for defendant's obligations due it

because it is on notice that the deposit is governed by the Georgia Real Estate Commission rules. The bank here recognized this to be the situation and made no attempt to set off any of the escrow account against the amounts owed it by defendant from the defendant's overdrawn account nor did it seek to apply these escrow funds towards payment of a loan owned the bank by the corporation.

Although the depositor has the right of withdrawal, this privilege does not change the fiduciary nature of the deposits. Withdrawal for purposes other than permitted under the commission's rules would subject the broker to the statutory sanctions. Additionally, such withdrawal privilege is expressly permitted by our banking statute (Code § 13-2042) and additionally is expressly required by the terms of the commission's rules. A similar situation was dealt with in *Jackson v. Fulton Nat. Bank,* 46 Ga. App. 253 (167 SE 344) where the deposit was in the name of defendant as trustee in bankruptcy. Even though the defendant as trustee could withdraw the funds upon his check including checks with his name individually as payee, our court ruled such deposit was not subject to garnishment by the defendant's individual creditor as those funds were not liable for his personal debts.

In the instant case the testimony of Mack London did not show any funds due the defendant corporation bearing his name as of the period covered by the garnishment summons. Accordingly, neither the plaintiff nor the bank could subject the monies belonging to others for payment of defendant's debts. *Smith Evans Lumber Co. v. Federal Savings &c. Assn.,* 95 Ga. App. 468 (98 SE2d 102);*Kilpatrick v. Aetna Ins. Co.* 105 Ga. App. 816 (2) (125 SE2d 791).

The importance to the public of this special bank account for monies delivered to a licensed real estate broker by others is illustrated by the action on this subject taken by the 1973 General Assembly in its complete revision of the prior law as to licensing and regulating the real estate business. The new law which appears in Ga. L. 1973, p. 100 et seq. strikes existing Code Ch. 84-14 in its entirety. Then in the new Code Ch. 84-14 there are placed two sections dealing with the necessity of maintaining a special escrow account for deposits of moneys received for others on real estate transactions, these being codified as §§ 84-1419 and 84-1420. The fact that the legislature dealt specifically with such escrow accounts instead of limiting such requirement as heretofore to the State Real Estate Commission

Rules indicated legislative recognition of protecting the public by the "separate bank checking account in this state which shall be designated a trust or escrow account." Monies in such escrow accounts belonging to others should not be subject to personal debts of the broker.

6. Inasmuch as there is a reversal of the trial court in case No. 48170, the cross appeal in case No. 48171 becomes moot.

*Judgment reversed. Bell, C. J., Hall, P. J., Pannell, Deen, Quillian and Stolz, JJ., concur. Evans, J., dissents. Eberhardt, P. J., disqualified.*

ARGUED MAY 8, 1973 — DECIDED SEPTEMBER 12, 1973.

*Alston, Miller & Gaines, James S. Stokes, IV,* for appellant.
*Marvin P. Nodvin, Ira S. Zuckerman,* for appellee.

EVANS, Judge, dissenting. 1. The garnishment law provides a remedy to a creditor against a recalcitrant debtor which is intended to be an efficient means of collecting the debt. Both money and property are subject to garnishment (Code § 46-201); money or property in the hands of an attorney at law is subject to garnishment (Code § 46-202); and a legacy is subject to garnishment in certain instances (Code § 46-203).

2. When a garnishee files his answer to a summons of garnishment he is required to answer fully what money and what property he has in possession belonging to the debtor. If for any reason the garnishee is unable to answer forthrightly, he may set forth his reasons for not being able to so answer, giving all the facts relating to his inability to answer properly. Code § 46-301.

Thus, when "John Doe" deposits money in a bank, without plainly stating the ownership of the money, as for instance when it is deposited "in escrow," immediately upon service of a summons of garnishment upon the bank, such bank has the right and duty to call upon John Doe to disclose the true facts as to the ownership of the funds deposited in escrow; and thereafter to fully disclose these facts in its answer to the garnishment. The plaintiff or any claimant to the funds has the right to traverse the garnishee's answer, and then an issue is created for solution by the courts as to the true ownership of the funds, and whether they are subject to the garnishment (Code §§ 46-303, 46-304).

The majority opinion urges that the Georgia Laws 1973, p. 100, deals with this question and bolsters the position assumed by the majority. Not so. The judgment in the case sub judice was rendered on January 10, 1973, whereas Georgia Laws of 1973, page 100, did

not become effective until almost six months later, on July 1, 1973. There is no way that a law not effective until July 1, 1973, can be of any aid or comfort to a case which results in a judgment on January 10, 1973.

3. In the case sub judice, the garnishee could easily have protected itself, by following the law as set forth above. It did not do so, and therefore, has no right to a judgment in its favor. The judgment of the trial court finding the funds subject to garnishment should be affirmed. I, therefore, dissent from the majority opinion in reversing the trial court as to the main appeal.

4. I do not agree that the cross appeal is moot. A garnishee is liable for interest when he resists the payment of funds in his hands or controverts the indebtedness, and fails to pay same into court. Code § 46-407. Judgment should have been awarded to the plaintiff for interest. I would reverse the judgment of the lower court as to the cross appeal and require that interest be added to the judgment.