## 58934. FLORIDA FIRST NATIONAL BANK OF JACKSONVILLE v. FIRST NATIONAL BANK OF COLUMBUS.

SOGNIER, Judge.

In this garnishment proceeding Ralph C. Colbert, a Florida resident, is the beneficiary of a life estate in two trusts created by his parents under which the appellee, First National Bank of Columbus (hereafter First National) is the trustee. On March 10, 1976 First National obtained a judgment in the amount of $67,052.10 against Colbert in a Florida circuit court, based upon a promissory note executed by Colbert that was in default. The trust assets were not held by First National as security for this note, and it has not made claim to the corpus or the income of the trust to

satisfy the debt, either by seeking a judgment in this state based upon the Florida judgment, or filing attachment or garnishment proceedings against Colbert.

Subsequently, the appellant, Florida First National Bank (hereafter Florida National) also obtained a Florida judgment based upon default of a promissory note executed by Colbert and payable to it. On December 21, 1978 Florida National filed a writ of attachment in Muscogee Superior Court alleging that Colbert was indebted to it in the amount of $74,061.10. On that same date the Georgia court issued a summons of garnishment against First National. Colbert was served with a copy of the writ and the summons by mail but did not file defensive pleadings and has not appeared in person or through counsel in any of the proceedings.

First National, as trustee-garnishee, answered the garnishment summons setting forth several defenses, one of which asserted its right of setoff against the amounts which had accrued in the trust accounts towards Colbert's indebtedness on the promissory note, as evidenced by the 1976 Florida judgment. Florida National traversed this answer and trial was had on the issues raised. The court entered a judgment denying Florida National's garnishment of the trust accounts. The court held that since the trusts were not spendthrift trusts, and neither claim arose out of or because of the trust agreements, First National's fiduciary relationship with Colbert did not adversely affect First National's right to setoff against a third party's (Florida National) claim because of First National's prior claim to the fund. Florida National appeals from this judgment.

The appellee concedes that if the beneficiary, Colbert, were suing First National for the proceeds or income of the trusts it would be inappropriate because of the fiduciary relationship for First National to assert the defense of setoff against him, but that setoff is proper against a third party creditor. First National argues that its fiduciary capacity ceased as to the disputed funds upon institution of the garnishment proceedings by appellant because the funds were placed in the legal custody of the court for a determination as to whom they were payable. Thus, appellee insists it becomes a claimant to these funds along with Florida National, and is entitled to priority as against the appellant's claim since First National had obtained an earlier judgment against Colbert.

The case law is well established that under the prior garnishment statute (Ga. L. 1880-1881, p. 109; 1901, p. 55; 1952, p. 153 (Code Ann. §§ 46-201, 203)) the right of setoff by the garnishee existed. See, e.g., *Butler v. Billups,* 101 Ga. 102 (28 SE 615) (1897); *Singer Sewing Machine Co. v. Southern Grocery Co.,* 2 Ga. App. 545

(59 SE 473) (1907); *Mutual Reserve &c. Co. v. Fowler,* 2 Ga. App. 537 (2) (59 SE 469) (1907); *Aiken v. Smith,* 68 Ga. App. 538 (23 SE2d 584) (1942); *Caye & Co. v. Milledgeville Bkg. Co.,* 91 Ga. App. 664 (86 SE2d 717) (1955); *Elder Building Supply v. Wall,* 114 Ga. App. 117, 119 (150 SE2d 350) (1966) and cits.; *Vulcan Materials v. Hall,* 132 Ga. App. 145 (207 SE2d 646) (1974). Since the provisions under the present statute (Ga. L. 1976, pp. 1608, 1613; 1977, pp. 159, 164, eff. Jan. 27, 1977 (Code Ann. § 46-301)) as to what is subject to garnishment are substantially the same, we think the former case law is still valid. Consequently, the right to setoff is still an available remedy specifically given by law, whether the defendant debtor is an employee of the garnishee or bears some other relation to him. Accord, Op. Atty. Gen. U76-26. Thus, "[t]he true rule is that a garnishee, if the debtor be indebted to him, has a lien on funds coming into his hands, or future indebtedness to the debtor on his part, superior to that of the plaintiff in garnishment. He is entitled to pay himself before he is required to collect for the benefit of others . . ." *Mutual Reserve &c. Co. v. Fowler,* 2 Ga. App. 537, 540 (2), supra.

Having reached this conclusion, no question of priority of judgments arises; and it is therefore immaterial whether or not First National's undomesticated Florida judgment obtained two years before Florida National's Georgia attachment and garnishment proceedings were instituted entitles First National to a superior garnishment claim to the funds. The primary issue to be resolved thus becomes whether or not First National as a commercial banking institution may setoff a debt owing to it by the defendant in garnishment against funds distributable to the garnishment defendant by First National acting in its fiduciary capacity under the terms of the trust agreements.

This question is of first impression in this state, and so far as we can determine, has never been directly approached in any other jurisdiction. In those few cases wherein a trustee was garnished, the basic premise is that the trustee "is not a mere stakeholder, nor simply a debtor or one who has in his possession the property of the defendant . . . He is charged with active duties with regard to it and is responsible not only to the defendant but to the other beneficiaries named in the . . . trust. It is therefore incumbent upon him to preserve and protect the property for all the beneficiaries, and to administer it strictly in compliance with the terms of the trust. Failing to perform this duty, he is liable for any injury sustained by any person beneficially interested." Kutz v. Nolan, 73 A 555 (224 Pa. 262) (1907); In re Vandergrift's Estate, 177 A2d 432, 442 (406 Pa. 14) (1962). See generally 6 AmJur2d 873, Attachment

& Garnishment, § 448; 89 CJS 1048, 1070, Trusts, § 151 (d); Annot., 57 ALR2d 700 (1958). Thus it would appear that a trustee-garnishee is distinguishable from any other garnishee only in that his primary duty is to protect the rights of the trust fund beneficiaries and is liable to them for any injuries sustained through his actions.

That is not the situation here. The beneficiary Colbert has alleged no interest in or claim to the funds payable to him which are being sought by the two creditor banks. Since he is sole beneficiary of the trust income during his life, no injury could occur to him or to other beneficiaries by the setoff of First National's claim to these funds as against Florida National. Moreover, the law is firmly settled in this state that a trustee must act " 'in such a way as not to gain any advantage, directly or indirectly, *except such as the law specifically gives him . . .*' (Emphasis supplied.) *Clark v. Clark,* 167 Ga. 1, 5 (144 SE 787)." *Dowdy v. Jordan,* 128 Ga. App. 200, 204(1) (196 SE2d 160) (1973). The setoff of a valid claim is a remedy specifically given by law to garnishees, and "[t]he garnishment lien is subject '. . . to any claim or right of offset in the garnishee, at the time of the service of the summons of garnishment, or subsequently thereto up to the time for the answer, provided the right in the garnishee was not a result of bad faith on its part.' [Cits.]" *Oxford v. Metter Lumber Co.,* 104 Ga. App. 758, 761 (123 SE2d 156) (1961); Code Ann. § 46-301(b).

Under the facts here there was neither a breach of the fiduciary relationship nor act of bad faith on the part of First National, and the trial court correctly allowed it to offset its claim to the trust funds as against the garnishment judgment of Florida National.

*Judgment affirmed. Banke, J., concurs. McMurray, P. J., concurs in the judgment only.*

Argued October 31, 1979 — Decided April 2, 1980 —

*Joe D. Whitley, John P. Partin,* for appellant.
*Susan G. Elliott,* for appellee.