## 60180. HIENRICHSEN v. HARRIS et al.

Sognier, Judge.

Appellant filed a garnishment against an account maintained by appellee Ronald Harris, a licensed auctioneer, with the Fairburn Banking Company under the name Harris Auction Service Escrow Account. Harris, as defendant debtor, filed a traverse contending that the funds contained in this account at the time of the garnishment belonged not to him, but to the Small Business Administration (SBA). The evidence showed Harris had entered into a contract with the SBA to conduct a public auction sale of the personalty of a restaurant upon which the SBA had foreclosed an indebtedness. The net proceeds of the sale were to be applied to the balance due on the indebtedness to the SBA. The SBA would then pay Harris a commission of five percent on the sale proceeds plus

expenses. Paragraph 6 of the contract provides: "Auctioneer shall be responsible to SBA for the total amount of bid or bids and turn over to SBA the gross proceeds of the sale collected by or paid to Auctioneer promptly after such collection of payment." The court found from the bank statements and receipts of the auction sale that the funds in the account garnished equalled in amount the proceeds of the sale, and that the funds sought to be garnished were not Harris' property but were the property of the SBA. Hienrichsen appeals from the order sustaining the traverse of garnishment. We affirm.

1. A proper construction of the agreement shows the funds did not belong to Harris and Code Ann. § 84-318a (3) requires that they be held in a separate account. The evidence discloses that Harris established an escrow account to maintain the SBA funds separately. The escrow account contained only the funds from the auction sale conducted by Harris for the SBA. Unlike the situation in *King v. Tyler,* 148 Ga. App. 272 (250 SE2d 784) (1978), relied upon by appellant, in the instant case there was an express agreement in writing that the proceeds were to be collected by Harris for the SBA. It is abundantly clear from the terms of this contract that all proceeds of the auction sale were to be transmitted immediately by Harris to the SBA, and under this agreement he did not earn any salary, wages or other compensation for selling these goods which could be reached by, or subjected to, the process of garnishment served upon the escrow account in proceedings against Harris. Cf., *Hartsfield Co. v. Zakas Bakery,* 50 Ga. App. 284 (1) (177 SE 825) (1934). Here, as in *Hartsfield,* the garnishee (bank) was not in possession of any amounts due to Harris. Compare *Gant, Inc. v. C. & S. Nat. Bank,* 151 Ga. App. 212 (259 SE2d 485) (1979).

2. The request to assess a penalty under Code Ann. § 6-1801 is denied.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JULY 7, 1980 — DECIDED
SEPTEMBER 23, 1980.

*James M. McDaniel,* for appellant.
*Scott Walters,* for appellees.