### 39433. COCHRAN v. BELL.

NICHOLS, Presiding Judge. S. M. Bell instituted a dispossessory warrant against W. O. Cochran. The defendant filed a counter-affidavit. Pending the above action, W. O. Cochran filed a bill in equity against S. M. Bell, in which he prayed for the dissolution of a partnership, for an accounting of the partnership assets, and the appointment of a receiver, etc. The two suits were consolidated by agreement of the parties, and the cases, as consolidated, were referred to an auditor "to pass upon all questions of law and fact arising therein." On October 30, 1957, the auditor, after considering the evidence in the case, made his report, finding that the plaintiff in error, W. O. Cochran, was entitled to recover of S. M. Bell the sum of $2,109.79. Both parties filed exceptions of law and fact to the auditor's report, and the matter was heard

before the Honorable Lamar N. Smith, Judge of the Superior Court of Habersham County, who entered an order on November 17, 1961, overruling all exceptions, both of law and fact, to the report and rendering a judgment in accordance with the auditor's findings providing that the judgment bear interest at the rate of seven percent per annum from the date of the judgment. On November 25, 1961, Judge Smith amended the judgment to provide for interest from the date of the auditor's report at seven percent per annum, but on January 13, 1962, within the same term of court, he vacated and set aside the amendment. The plaintiff in error contends that he is entitled to interest on the amount of the judgment from the date of the auditor's report until paid, and that the court erred in vacating and setting aside the amendment to the judgment. *Held:*

"Unliquidated amounts bear no interest until after agreement or judgment fixing the principal amount as liquidated." *Cowart v. Reeves,* 80 Ga. App. 161 (2) (55 SE2d 911). In most instances an auditor's report is viewed in the same respect and effect as the verdict of a jury. See *Hardy v. Rylee,* 182 Ga. 618 (186 SE 727). In cases involving jury verdicts interest accrues only from the date the judgment is entered upon the verdict. *Guernsey v. Phinizy,* 113 Ga. 898 (39 SE 402, 84 ASR 270). Accordingly, where two actions have been consolidated by consent and were submitted to an auditor, who found in favor of one party in his final report and whose report, as to the law and fact, was contested by both parties before the superior court, interest begins to accrue from the date the superior court renders a decree and enters a judgment in accordance with the auditor's report, after overruling objections of the respective parties. *Wilson v. Wilkinson,* 97 Ga. 814 (25 SE 908). The amount of Cochran's claim against Bell did not become a liquidated demand until the judge of the superior court rendered a judgment in his favor in accordance with the auditor's report.

The trial court did not err in passing the order vacating and setting aside the amendment to the original judgment so that the amount of the original judgment would draw interest at seven percent per annum from the date the original judgment was rendered.

*Judgment affirmed. Carlisle, P. J., and Jordan, J., concur.*

108

DECIDED MAY 24, 1962.

*Scott & Bouwsma, R. C. Scott, Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error.
*Ellard & Frankum, Stephen D. Frankum,* contra.