48378. GRUBBS v. ATLANTA NEWSPAPERS, INC.

BELL, Chief Judge. This is a garnishment case. Pursuant to the terms of a contract between the garnishee and defendant debtor,

the latter was required to deposit funds with the garnishee as security for the payment of newspapers delivered to the defendant debtor, a distributor of the garnishee; that upon the termination of the contract and the satisfaction of all claims against the distributor the security would be refunded to defendant. There was evidence that the garnishee from time to time released portions of the funds deposited as security upon the defendant's request but that the decision to release any funds from the deposit rested solely within the sound discretion of the garnishee.

A plaintiff, by way of summons of garnishment, cannot reach funds which the plaintiff's debtor cannot reach. *Kingsberry Mortgage Co. v. Ellis,* 118 Ga. App. 755 (2) (165 SE2d 604). The trial judge's finding of fact that the money on deposit was a collateral security and that defendant could not compel the return of the money until after termination of the employment relationship, was authorized by the evidence. The accompanying conclusion of law that the collateral security held by the garnishee could not be subject to garnishment, was correct. The evidence that upon request of the defendant-debtor the garnishee could in its sole discretion release part of the funds on deposit held by the garnishee is immaterial. The judgment of the trial court denying the plaintiff's traverse to the garnishee's answer must be affirmed.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

Argued July 3, 1973 — Decided September 6, 1973.

*Linus L. Zukas,* for appellant.

*Hansell, Post, Brandon & Dorsey, Allen Post, Christopher L. Carson,* for appellee.