## 57873. CITIZENS & SOUTHERN NATIONAL BANK v. WEYERHAEUSER COMPANY et al.

McMURRAY, Presiding Judge.

Aluminum Building Products Company (hereinafter known as ABP) was a wholesaler of building materials. As such it purchased certain goods which were manufactured and sold by such companies as Weyerhaeuser Company, Mastic Corporation, Alcoa Building Products, Inc., and Anaconda Company, f/k/a Alsco-Anaconda, Inc.

ABP carried on extensive banking activities with the Citizens and Southern National Bank (hereinafter known as C & S). On October 20, 1970, it executed a term loan agreement with C & S in the amount of $200,000 whereby the bank agreed to loan it this amount of money.

ABP also became indebted to Mastic, Alcoa, Anaconda, Weyerhaeuser for inventory as well as to C & S, its major creditor. On October 5, 1970, Mastic filed its purchase money security interest (financing statement) as to its claims against inventory and the proceeds of same sold to ABP. Alcoa filed the same as to it on April 27, 1971. Anaconda did the same on May 5, 1972, and on July 14,

1972, C & S filed financing statements claiming a security interest in ABP's accounts receivable, inventory and equipment. Weyerhaeuser filed its financing statement on May 2, 1973, claiming a purchase money security interest in the inventory it sold ABP and the proceeds of that inventory and in all other assets of ABP.

On August 3, 1972, Alcoa, Mastic, and C & S had entered into a tri-party agreement whereby Alcoa and Mastic each agreed to loan ABP $40,000. In lieu of perfecting a security interest relating to these loans and in order to prevent the filing of additional financing statements, C & S therein agreed to subordinate its collections and to pay Alcoa and Mastic up to $20,000 each, providing the C & S payment or subordination "shall not exceed the amount received by the Bank under its aforementioned loan agreement subsequent to such event of state insolvency proceedings. . . or other termination of the business of . . . [ABP]."

On June 14, 1974, ABP acknowledged in writing to C & S that it was in default and authorized C & S to take possession of its assets, and it ceased operations. By express endorsement on this notice, C & S agreed to hold in trust ABP's inventory in which the other creditors have valid and superior security interests or property interest for the other creditors and "will turn it over to them upon demand in proof of those interests."

On June 27, 1974, as admitted by C & S, it exercised its right of set-off against the depositor's checking account (ABP) with it and seized the sum of $22,882.98 as a set-off of part of ABP's indebtedness to it. It also proceeded to collect ABP's accounts receivable in the amount of $16,088.65 which it placed in a separate account.

On September 10, 1976, Weyerhaeuser Company brought an action against ABP and all of its creditors named herein, alleging that plaintiff was entitled to judgment in the amount of $34,193.61, contending C & S had seized certain proceeds of ABP's business in the amount of approximately $19,000 and had seized and attempted to set-off ABP's deposit account with C & S in the amount of $22,881.98. In addition to its demand for judgment, it sought the appointment of a receiver and an injunction against all the creditor defendants to cease and

desist collecting, secreting and transferring any and all assets of defendant ABP, and also that they be required to account for collateral of ABP in their possession to the court appointed receiver, and the court to declare its security interest superior to all other security interests of the other defendants.

All the defendants answered denying plaintiff's claim except ABP which became in default and had judgment entered against it. Each of the other defendants also filed counterclaims and cross claims seeking judgments in their favor with a priority superior to the others. Default judgments were then also entered in favor of Mastic and Alcoa against ABP. The appointment of a receiver was denied, but the trial court elected to appoint a collection agency to attempt further collection of assets of the defunct ABP, enjoined the disposal of assets of ABP by any of the defendants and plaintiff, and required them to account to the others for any and all assets of ABP seized by them.

After discovery each creditor moved for summary judgment in its favor. The trial court in hearing these motions after setting forth the uncontested facts (the establishment of the set-off account in the amount of $22,882.98 and the special account of $16,088.65 by C & S, and the collection of certain accounts and inventory by others), denied plaintiff's claim to priority, but held each party with a purchase money security interest to be entitled to priority as to the funds in the special account arising from its inventory and proceeds therefrom which could be traced thereto. The trial court then held, after recognizing that C & S was entitled to set-off as against the debtor, that this did not apply to creditors with a prior right to the amounts of deposit, and that "each secured creditor is entitled to priority over the Bank's right of set-off as to funds in the set-off account which can be traced to the respective secured creditor's inventory and proceeds from that inventory."

As to the remaining funds in the set-off account, the court held C & S had subordinated its rights in funds from ABP, including its set-off right to defendants Alcoa and Mastic, hence they were entitled to split the remaining funds in the set-off account after the funds derived from

the sale of the secured creditor's inventory are ascertained. This order effectively granted a partial summary judgment in favor of the plaintiff Weyerhaeuser, and defendants Mastic, Alcoa and Anaconda, and denied the motion for summary judgment in favor of defendant C & S. C & S appeals. *Held* :

1. Generally a bank has the right of set-off against the amount of a general deposit account belonging to a customer of a matured debt due by the customer to it. *Bank of Lawrenceville v. Rockmore & Co.*, 129 Ga. 582 (2) 587 (3, 4) (59 SE 291); *Georgia Seed Co. v. Talmadge & Co.*, 96 Ga. 254 (1) (22 SE 1001); *Luthersville Banking Co. v. Hopkins,* 12 Ga. App. 488 (77 SE 589); *Davenport v. State Banking Co.,* 126 Ga. 136 (54 SE 977); *Milhouse v. Citizens' Bank,* 14 Ga. App. 240 (80 SE 703). As to garnishment actions, see *Mutual Reserve Life Ins. Co. v. Fowler,* 2 Ga. App. 537 (1) (2), 540 (59 SE 469); *W. C. Caye & Co. v. Milledgeville Banking Co.,* 91 Ga. App. 664 (1), 665-666 (86 SE2d 717).

2. However, under certain circumstances, a security interest continues in collateral notwithstanding its sale, "including collections received by the debtor," and a filed financing statement covers the original collateral and the proceeds which are identifiable cash proceeds. In the event of insolvency proceedings by or against the debtor, such a secured party with a perfected security interest has a perfected security interest "in all cash and bank accounts of the debtor, if other cash proceeds have been commingled or deposited in a bank account," subject, however, "to any right of set-off . . ." Code Ann. § 109A-9 — 306 (1), (3) (a), and (4) (d) (i) (Ga. L. 1962, pp. 156, 401; as amended by Ga. L. 1978, pp. 1081, 1106, effective July 1, 1978). This statute is in derogation of the common law and must be strictly construed and followed.

3. Here, the bank has set-off the insolvent debtor's account against its indebtedness to the bank. Hence the court erred in granting summary judgment in favor of the plaintiff and the secured defendants as to the "set-off" account in the amount of $22,882.98. The above statute states clearly it is subject "to any right of set-off." The first enumeration of error is therefore meritorious.

4. However, the Bank (C & S), Mastic, and Alcoa

entered into a special tri-party agreement on August 3, 1972, in an attempt to rehabilitate their debtor, ABP, with reference to the status of their loans to it. In this agreement, the bank subordinated its position to Mastic and Alcoa "to a combined total" of $40,000 and "in the event of state insolvency proceedings . . . or other termination of the business [ABP's] . . . before repayment of the said term loan [each party having term loans], pay to . . . [Alcoa and Mastic] . . ." $20,000, "or one-half of the then outstanding balance of such term loan, provided, however, that the Bank's payment . . . if any, shall not exceed the amount received by the Bank under its aforementioned loan agreement subsequent to such event of state insolvency proceedings . . . or other termination of the business [ABP's] . . ." The business is defunct and has terminated. This action can likewise be said to amount to a state insolvency proceeding. The status of the tri-party agreement under the circumstances remains for interpretation as to the meaning of the language as to sums due Mastic and Alcoa, as well as a definite determination of the application of the set-off accounts to debts owed C & S. Issues of material fact remain for determination.

5. The claims of the parties here have not become liquidated as to the proceeds from inventory of each in the funds collected and held in the special account by C & S. The holder would certainly not be liable for the payment of interest to the other creditors. See Code § 57-110; *Lincoln Lumber Co. v. Keeter,* 167 Ga. 231, 232 (3), 235-236 (145 SE 68); *Roberts v. Prior,* 20 Ga. 561 (2), 562; *Cochran v. Bell,* 106 Ga. App. 106, 107 (126 SE2d 283); *First Nat. Bank v. State Hwy. Dept.,* 219 Ga. 144, 147 (132 SE2d 263), and cases cited. Nor at the point in time when summary judgment was granted was there a definite determination of the legal demands by and between C & S and Mastic and Alcoa as to the amount it received under its loan agreement subsequent to the insolvency proceeding or termination of the business. The third enumeration of error as to the award of interest is also meritorious.

However, it is noted that C & S did not appeal the award of the various interests of the other creditors in the

special account. Accordingly, the judgment is reversed insofar as C & S has attacked it and enumerated error.

*Judgment reversed. Banke and Underwood, JJ., concur.*

ARGUED MAY 3, 1979 — DECIDED OCTOBER 17, 1979 — REHEARINGS DENIED NOVEMBER 2, 1979 — ▮

*Richard G. Murphy, Jr., A. O. Bracey, III,* for appellant.

*Paul Oliver, John A. Chandler, Dennis M. Hall, William A. Wright,* for appellees.