59882. WASHINGTON LOAN & BANKING COMPANY v. FIRST FULTON BANK & TRUST et al.

McMURRAY, Presiding Judge.

First Fulton Bank & Trust (hereafter shown as First Fulton) obtained a judgment against Raymond R. Johnson in the State Court of Fulton County. First Fulton then sued out a garnishment proceeding naming Raymond R. Johnson as defendant and Washington Loan & Banking Company, of Washington, Georgia, as the garnishee. The summons served on the Washington bank directed it to answer what property, money or effects, including cash, checking and savings accounts, and certificates of deposit belonging to defendant that it had in its hands at the date of service of the summons. The Washington bank answered that defendant "had an account with the garnishee of $4,247.67." It further answered: The defendant was indebted to the garnishee on one note for $10,000 and another note that was "past due, with principal and interest for $3,526.25," said notes having a provision creating a security interest to the garnishee on all accounts of the defendant, and that it had applied $3,526.25 in payment of the past due note and the balance of $731.42 as a credit on the other note. A $50 deposit had been made to the account of the defendant since the summons and that also had been charged off and applied to the note of the defendant, and "the Defendant has no account and . . . garnishee is not indebted to the Defendant in any sum" at the time of service of the summons and is not in possession of any property, goods, or effects of the defendant. Further, from the time of the service of the summons until the making of this answer the garnishee has not come into possession of

any property, goods, or effects of the defendant.

First Fulton filed its traverse of the garnishee's answer contending that "the same is legally insufficient."

The superior court issued an order after setting forth in general the above facts as to the contentions of the parties and stated therein that the plaintiff "does not contest the application of funds to the delinquent note, but does make a claim for the amount of monies applied to the unmatured note." The court held the garnishee has a lien on the funds of the defendant as to the past due obligations "which is superior to the lien of the judgment creditor in the garnishment proceedings" and the bank has a right to set off, against the amount of a general deposit belonging to a customer, a matured claim due by the customer to it. It further held that the plaintiff had apparently waived the issue of whether or not a bona fide setoff had occurred in this action since such issue had not been raised by the plaintiff. The court then pointed out that if the defendant resides without this state or is insolvent, the bank may set off against him a debt not due, under such equitable terms as may be prescribed by the court. See Code Ann. § 109A-9—306 (Ga. L. 1978, pp. 1081, 1106). The court further held that no facts appear "from the evidence which would authorize the Bank to apply the remainder of said account to the unmatured note held by the Bank," whereupon it ordered the garnishee to pay the sum of $731.42, representing the amount applied to the unmatured note, into the registry of the court, "disbursement to follow as the law thereafter provides."

Washington Loan & Banking Company appeals the sustaining of the traverse, stating in the notice of appeal that there is no transcript of evidence as the case was submitted on the pleadings. *Held:*

1. "Generally a bank has the right of set-off against the amount of a general deposit account belonging to a customer of a matured debt due by the customer to it. [Cits.] . . . As to garnishment actions, see *Mutual Reserve Life Ins. Co. v. Fowler,* 2 Ga. App. 537 (1) (2), 540 (59 SE 469); *W. C. Caye & Co. v. Milledgeville Banking Co.,* 91 Ga. App. 664 (1), 665-666 (86 SE2d 717)." *C. & S. Nat. Bank v. Weyerhaeuser Co.,* 152 Ga. App. 176, 179 (1) (262 SE2d 485).

We are concerned here only with whether the averment made by the garnishee's answer as to the second note that it "had a provision creating a Security Interest to the garnishee on all accounts of the Defendant" would create an issue that the answer as to the sum of $731.42 was legally sufficient to show the garnishee was not in possession of any property, goods or effects of the defendant.

2. In accordance with Code Ann. § 46-511 (Ga. L. 1976, pp. 1608, 1621), the order of the court had the effect of holding the plaintiff's

traverse was correct, and the answer was "legally insufficient" as to the amount of $731.42. See and compare *Kauffman v. Kauffman,* 145 Ga. App. 648, 650 (3) (244 SE2d 613).

3. Ordinarily all debts owed by the garnishee to the defendant at the time of the service of the summons of garnishment upon the garnishee and all debts accruing from the garnishee to the defendant from the date of service to the date of the garnishee's answer "shall be subject to process of garnishment." See Code Ann. § 46-301 (Ga. L. 1976, pp. 1608, 1613; 1977, pp. 159, 164). However, if the defendant owed a debt of a greater amount to the garnishee the garnishee would not be required to pay any sums into court, but, of course, this would not relieve the garnishee of the responsibility of filing an answer. See *Mutual Reserve Life Ins. Co. v. Fowler,* 2 Ga. App. 537 (4), 544, supra; *Singer Sewing Machine Co. v. Southern Grocery Co.,* 2 Ga. App. 545 (1, 2), 547-549 (59 SE 473); *Macon Nat. Bank v. Smith,* 170 Ga. 332 (153 SE 4); *Vulcan Materials, Inc. v. Hall,* 132 Ga. App. 145, 146 (207 SE2d 646); *Grubbs v. Atlanta Newspapers,* 129 Ga. App. 595, 596 (200 SE2d 335). We have for decision whether an unmatured note covered by a security agreement would relieve the garnishee from paying the sum into court. We do not have a copy of the security agreement between the garnishee and the defendant since the superior court has summarily ruled on the pleadings. However, we note the language of this court in *First Nat. Bank v. Appalachian Industries,* 146 Ga. App. 630, 633 (3) (247 SE2d 422), with reference to an unmatured balance of a loan, that even though Code Ann. § 109A-9—502 (Ga. L. 1978, pp. 1081, 1130) would authorize it to apply as "indebtedness," this court did not construe the term "to include the unmatured balance of the loan" stating further that "[s]uch a construction would effectively permit acceleration of the indebtedness without default and at the whim of the lender, at least to the extent of receivables" and further: "We accordingly hold that in the event the acceleration of the note is eventually determined to have been improper, then the bank was not authorized to retain any income from the accounts receivable in excess of the amount actually required to keep the installments current. See Code Ann. § 109A-9—502 (2)." But we do not have the security agreement of the parties for consideration. Therefore, the superior court erred in rendering judgment on the pleadings without a trial as an issue of material fact remains. *Hall v. Hall,* 237 Ga. 477, 479 (228 SE2d 865); *Snooty Fox, Inc. v. First American Invest. Corp.,* 144 Ga. App. 264, 266 (241 SE2d 47).

4. The issue of garnishee's actual reasonable expenses, "including attorney's fees," in making a true answer of garnishment is an issue of cost as found in Code Ann. § 46-507 (Ga. L. 1976, pp.

1608, 1619). Inasmuch as the order here appealed merely ordered the sum of $731.42 paid into the registry of the court for "disbursement to follow as the law thereafter provides," no issue of cost has been decided, and we cannot hold that the superior court erred in failing to award the garnishee's attorney "a fee for services in the case."

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED MAY 7, 1980 — DECIDED JUNE 13, 1980 —
REHEARING DENIED JULY 2, 1980.

*Lawson E. Thompson,* for appellant.
*R. Chris Phelps, Raymond R. Johnson, F. Carter Tate,* for appellees.